**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| A.D., an individual,<br><br>    Plaintiff,<br><br>v.<br><br>Choice Hotels International, Inc. *et al.*,<br><br>    Defendant. | **Civil Action No.: 1:24-cv-12730-MJJ**<br><br><br>**STIPULATED PROTECTIVE ORDER GOVERNING PRODUCTION AND USE OF PROTECTED MATERIAL** |

Pursuant to Federal Rule of Civil Procedure 26(c), the plaintiff, A.D. ("Plaintiff"), and the defendants, Choice Hotels International, Inc. ("Choice Hotels"), Wyndham Hotels & Resorts, Inc., ("WHR"), Six Continents Hotels, Inc., ("Six Continents"), Holiday Hospitality Franchising, LLC ("Holiday Hospitality"), Red Roof Inns, Inc., ("RRI"), Red Roof Franchising, LLC ("RRF") and ESA Management, LLC ("ESA"), (collectively, "Defendants"), (Defendants together with Plaintiff, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order Governing Production and Use of Protected Material ("Stipulated Protective Order" or "Order"):

1. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth herein, that this Stipulated Protective Order does not entitle them to impound confidential information; Local Rule 7.2 sets forth the

procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to impound confidential materials.

## 2. GOOD CAUSE STATEMENT

This action is likely to involve private personal information, including personally identifiable information such as Social Security numbers, dates of birth, driver's license numbers, financial account details, and other sensitive personal data, as well as trade secrets and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or information which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for improper or frivolous reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

- 3 -

## 3. <u>DEFINITIONS</u>

3.1.    <u>Action</u>: The above-captioned action titled *A.D. v. Choice Hotels International, Inc. et al.*, United States District Court for the District of Massachusetts, Civil Action No.: 1:24-cv-12730-MJJ, including any appeal thereof.

3.2.    <u>Challenging Party</u>: A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

3.3.    <u>"Confidential" information or items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement, but excluding "Highly Confidential" information or items as defined herein. Plaintiff's name and identity are not "Confidential" information, but Plaintiff's personally identifiable information (e.g., social security number, financial information) may be "Confidential" information.

3.4.    <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.5.    <u>Designating Party</u>: A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as Confidential or Highly Confidential.

3.6.    <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

3.7.    <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8.    <u>"Highly Confidential" information or items</u>: Discovery Material that a Party reasonably believes in good faith constitutes, reflects, discloses, or contains trade secrets or proprietary information that has been maintained as non-public or confidential.

- 4 -

3.9.    <u>In-House Counsel</u>: Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10.    <u>Nonparty</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.11.    <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party and includes support staff.

3.12.    <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel, and Outside Counsel of Record (and their support staffs) as well as their carriers.

3.13.    <u>Producing Party</u>: A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

3.14.    <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.15.    <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as Confidential or Highly Confidential.

3.16.    <u>Public Pre-Trial Court Proceeding or Pre-Trial Court Filing</u>: Any pre-trial hearing or other proceeding, presided over by a trial court judge and taking place in a courtroom or a judge's chambers in this Action, or any filing made before trial in this Action.

3.17.    <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

## 4.  SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, as permitted in Section 8.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of Protected Material at trial. No Party or Counsel may use any material obtained in this Action for the benefit of another Party in any other lawsuit, arbitration, mediation, or other legal or governmental proceeding absent permission from the Court or agreement of the Designating Party.

## 5.  DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or judicial reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6.  DESIGNATING PROTECTED MATERIAL

6.1.    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so

that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited.

6.2.    Manner and Timing of Designations.

Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, Section 6.2(a)), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires the following:

(a)     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Confidential or Highly Confidential. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party shall determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order.

(b)     For testimony given in depositions, the testimony shall be provisionally treated as Confidential or Highly Confidential, as appropriate, until thirty (30) days after the transcript is delivered by the court reporter to each Party's Outside Counsel of Record. Within the 30-day window following the court reporter's delivery of the transcript, any Party may serve a Notice of Designation to all other Parties as to specific portions of the

testimony that shall be designated as Confidential or Highly Confidential. After the 30-day window, only those portions identified in any Notice of Designation shall be protected by the terms of this Stipulated Protective Order.

For information produced in nondocumentary form, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3. Inadvertent Failure to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

## 7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1.    Timing of Challenges.

Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2.    Meet and Confer.

The Challenging Party shall initiate the dispute resolution process, which shall comply with any applicable Local or Judicial Rules regarding such process.

7.3.    Burden of Proof.

The burden of justifying the designation of confidentiality in any such challenge proceeding shall be on the Designating Party. The Court may provide appropriate relief for frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties). Unless the Designating Party has waived or

- 8 -

withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 8.  ACCESS TO AND USE OF PROTECTED MATERIALS

8.1. Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2.    Disclosure of Confidential Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as Confidential only to:

(a)    The Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts and consultants of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    The Court and its personnel;

(e)    Court reporters and their staff;

(f)     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(g)     Insurers and indemnitors for any of the Parties, including coverage counsel for the insurers, who may provide indemnity or other coverage in connection with claims asserted in this case;

(h)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)     Witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary;

(j)     any mediator who has been appointed by the Court or jointly selected by the Parties to preside over mediation of this matter, and any of their staff to whom disclosure is reasonably necessary; and

(k)     such other persons as may be designated by written agreement in this action or by order of the Court, so long as such persons execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(l)     Before using any Confidential Information or Items in any court proceeding that is open to the public, the Party intending such use shall provide reasonable advance notice to the Designating Party and allow an opportunity for objection. The Parties must confer in good faith to resolve objections or impose safeguards. If they cannot reach agreement, the Party seeking to use the Confidential Information shall request a conference with the Court to determine whether, and to what extent, disclosure will be permitted and under what conditions. Nothing in this Order grants an automatic right to disclose Confidential Information in open court without prior notice, opportunity for objection, and, if necessary, Court approval.

8.3. Disclosure of "Highly Confidential" Information or Items:

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as Highly Confidential only to:

(a)     the Receiving Party's counsel of record in this action, as well as employees of counsel and contract attorneys of counsel who have been assigned work in this matter and to whom it is reasonably necessary to disclose the information for this litigation;

(b)     experts, investigators, and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary for this litigation;

(d)     The Court and its personnel;

(e)     Court reporters and their staff;

(f)     Professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A), provided that the Party retaining the professional jury or trial consultants, mock jurors, and professional vendors instructs those individuals and/or entities not to disclose any Highly Confidential material to third parties or to the officers, directors, and employees (including In-House Counsel) of any Party and to immediately return all originals and copies of any Highly Confidential material;

(g)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     any mediator who has been appointed by the Court or jointly selected by the Parties to preside over mediation of this matter, and any of their staff to whom disclosure

is reasonably necessary, provided that these individuals sign the "Acknowledgment and Agreement to be Bound" (Exhibit A); and

(i)  such other persons as may be designated by written agreement in this action or by order of the Court, so long as such persons execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

Nothing herein shall permit any Party or Nonparty to disclose or provide any Highly Confidential information or items to the officers, directors, and employees (including In-House Counsel) of any Party, except those associated with the Designating Party that produced the Highly Confidential information or items.

## 9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Confidential or Highly Confidential, that Party must:

(a)  Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Confidential or Highly Confidential before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in

these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10. A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

10.1. Application.

The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty in connection with this Action and designated as Confidential or Highly Confidential. Such information is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

10.2. Notification.

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

(a)    Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(b)    Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    Make the information requested available for inspection by the Nonparty, if requested.

10.3. Conditions of Production.

If the Nonparty fails to seek a protective order from this Court within fourteen (14) days after receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's confidential information responsive to the discovery request. If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession

or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court. Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 11. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party immediately must (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

## 12. <u>PRODUCTION OF PRIVILEGED OR WORK-PRODUCTPROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Action or in any other federal or state proceeding. This Stipulated Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502. Nothing contained herein is intended to or shall serve to limit a Producing Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

### 13. MISCELLANEOUS

13.1. Right to Further Relief.

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2. Right to Assert Other Objections.

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Stipulated Protective Order.

13.3. Filing Confidential Material

(a)    Absent written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material belonging to the Designating Party.

(b)    Any Party is authorized to seek leave to file under seal with the Court any brief, document, or materials that are designated as Protected Material under this Order.

(c)    If any Party wishes to submit Protected Material Information to the Court in a filing, the submission must be filed consistent with the requirements of Local Rule 7.2 and must meet the standards for confidentiality and impoundment required in the District of Massachusetts.

(d)    Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further

protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

## 14. **<u>FINAL DISPOSITION</u>**

After the final disposition of this Action, within sixty (90) days of a written request by the Designating Party, each Receiving Party must return all materials designated as Protected Material to the Designating Party or destroy such material. As used in this subdivision, "all materials designated as Protected Material includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the materials designated as Protected Material. Whether the materials designated as Protected Material are returned or destroyed, the Receiving Party must submit a written certification to the Designating Party by the 90-day deadline that (1) identifies (by category, where appropriate) all the materials designated as Protected Material that were returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the materials designated as Protected Material. Notwithstanding this provision, Outside Counsel and any carrier for a Party are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order.

Compliance with the Massachusetts Rules of Professional Responsibility file retention requirements shall not constitute a violation of this agreement provided that such compliance does not relieve any Party of its obligation under this Order to return or destroy Protected Material as required herein.

## 15. <u>VIOLATION</u>

In the event that any Party or Nonparty violates the terms of this Confidentiality Order, the aggrieved Producing Party or Designating Party may apply to the Court to obtain relief against any such Party or Nonparty. In the event that the aggrieved Producing Party or Designating Party seeks injunctive relief, it must direct the petition for such relief to this Court. The Parties and any other person subject to the terms of this Confidentiality Order shall be subject to the Court's jurisdiction for the purpose of enforcing this Confidentiality Order.

Date:  March 16, 2026                         Respectfully submitted,

/s/ Michael Glennon
Michael Glennon
**Brody, Hardoon, Perkins & Kesten, LLP**
265 Franklin Street, 12th Floor
Boston, MA 02110
Telephone: (617) 880-7100
mglennon@bhpklaw.com

***Counsel for Plaintiff***

/s/ Sara M. Turner
Sara M. Turner
(admitted pro hac vice)
**Baker Donelson Bearman Caldwell & Berkowitz, PC**
1901 6th Avenue North
Suite 2600
Birmingham, Alabama 35203
Phone: (205) 328-0480
smturner@bakerdonelson.com

/s/ Emily Coughlin
Emily Coughlin (BBO #554526)
**Coughlin Betke LLP**
175 Federal Street
Boston, Massachusetts 02110
Phone: 617-988-8050
ecoughlin@coughlinbetke.com

***Counsel for Defendant Choice Hotels International, Inc***

/s/ David S. Sager
David S. Sager (admitted pro hac vice)
**DLA Piper LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
T: 973.520.2550 | F: 973.520.2551
david.sager@us.dlapiper.com

Michael R. Walsh (BBO No. 683716)
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
T: 617.406.6095 | F: 617.406.6205
michael.walsh@us.dlapiper.com

*Counsel for Defendant Wyndham Hotels & Resorts, Inc*

/s/ Sarah J. Unatin
Patrick B. Moore (*admitted pro hac vice*)
Georgia Bar No. 520390
Christopher T. Byrd (*admitted pro hac vice*)
Georgia Bar No. 100854
Shubhra R. Mashelkar (*admitted pro hac vice*)
Georgia Bar No. 475388
Sarah J. Unatin (*admitted pro hac vice*)
Georgia Bar No. 953061
**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL**
3344 Peachtree Road, NE, Suite 2400
Atlanta, GA 30326
Telephone (404) 876-2700
Facsimile (404) 875-9433
PMoore@wwhgd.com
CByrd@wwhgd.com
SMashelkar@wwhgd.com
SUnatin@wwhgd.com

*Counsel for Defendants ESA Management, LLC*
*and Extended Stay America, Inc*

- 17 -

*/s/Patrick Driscoll*

Patrick Driscoll, Esq.,
Nicholas Scaptura, Esq.
**Boyle Shaughnessy Law (US)**
88 Broad Street, 8th Floor
Boston, MA 02110
T: 617.451.2000 | F: 617.451.5775
pdriscoll@boyleshaughnessy.com
nscaptura@boyleshaughnessy.com

***Counsel for Defendants Six Continents Hotels, Inc. and Holiday Hospitality Franchising, LLC***


*/s/ Marie E. Chafe*

Marie E. Chafe
**CONN KAVANAUGH ROSENTHAL PEISCH & FORD, LLP**
1 Federal Street
Boston, MA 02110
Phone:  617-482-8200
Fax: 617-482-6444
mchafe@connkavanaugh.com

Sandra J. Wunderlich
(admitted pro hac vice)
**Tucker Ellis LLP**
100 South 4th Street, Suite 600
St. Louis, MO 63102
Phone: 314.256.2550
Fax:    314.256.2549
sandra.wunderlich@tuckerellis.com

***Counsel for Defendants Red Roof Inns, Inc. and Red Roof Franchising, LLC***



Dated: __3/20/2026__

/s/ Myong J. Joun
_____
THE HONORABLE MYONG J. JOUN
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [*full name*], of _____

_____[*address*], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order Governing Production of Protected Information ("Stipulated Protective Order") that was issued by the United States District Court for the District of Massachusetts on _____[*date*] in the case of *A.D. v. Choice Hotels International, Inc., et al.*, No. 1:24-cv-12730-MJJ. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Signature: _____

Printed name: _____

Date: _____

City and State where sworn and signed: _____

i